# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| CHANCELLOR FRAGOSO,<br>  Plaintiff, | § § § | |
| v. | § § | EP-19-CV-369-DB |
| KAREN PELLETIER,<br>  Defendant. | § § § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Defendant Karen Pelletier's ("Judge Pelletier") "Motion to Dismiss Under Rule 12(b)(6)" ("Motion") filed in the above-captioned case on December 19, 2019. ECF No. 4. Plaintiff Chancellor Fragoso ("Mr. Fragoso") filed a Response on December 23, 2019. ECF No. 5. After due consideration, the Court is of the opinion that Judge Pelletier's Motion should be granted.

The Court also considered this Court's "Order to Comply with Federal Rule of Civil Procedure 26 and Local Court Rule CV-16" ("Rule 26 Order") entered on December 19, 2020, and Judge Pelletier's "Report of Defendant's Planning Meeting" ("Report") filed on January 17, 2020. ECF Nos. 2 and 6. After due consideration, the Court is of the opinion that Mr. Fragoso's failure to comply with the Rule 26 Order is another basis for dismissal.

## BACKGROUND

This case arises from actions taken by Judge Pelletier as the Associate Judge of the 383rd District Court of El Paso County, Texas when she was presiding in a family law case ("the initial case") in which Mr. Fragoso was a party. Mot. ¶ 1, ECF No. 4; Report 3, ECF No. 6. Seemingly displeased with the outcome of the initial case, Mr. Fragoso, proceeding *pro se*,

commenced a separate civil lawsuit against Judge Pelletier on November 15, 2019, in the 243rd Judicial District Court of El Paso County, Texas. Notice of Removal 1, 7, ECF No. 1.

Mr. Fragoso alleges that during the initial case Judge Pelletier violated his rights under the United States Constitution and committed three Texas law violations: (1) aggravated perjury, (2) abuse of official capacity, and (3) impersonating a public servant. *Id.* at 9–11; Mot. ¶¶ 6, 9, ECF No. 4. Mr. Fragoso makes a demand that Judge Pelletier be discharged from her office and for $3,141,592 in damages for each of the three Texas law violations. Notice of Removal 11, ECF No. 1. The case was subsequently transferred to the 384th District Court of El Paso County, Texas. *Id.* at 1.

On December 16, 2019, Judge Pelletier filed a Notice of Removal removing the case to this Court on the grounds that Mr. Fragoso alleges a federal question when he claims Judge Pelletier violated his rights under the United States Constitution, which can be liberally construed as a claim under 42 U.S.C. § 1983. *Id.* at 1–2. Further, Judge Pelletier asserts that this Court possesses supplemental jurisdiction under 28 U.S.C. § 1441(c) over Mr. Fragoso's claims for Texas law violations. *Id.* at 2. The instant Motion followed.

## RULE 12(B)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") permits dismissal if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8(a)"), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This "demands more than an unadorned ... accusation." *Iqbal*, 556 U.S. at 678. A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 557).

"A claim has facial plausibility when [a party] pleads factual content that allows the court to draw the reasonable inference that the [other side] is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Consistent with Rule 8(a)(2)'s requirement that the complaint "show" and not merely allege that a party is entitled to relief, the well-pleaded facts must do more than "permit the court to infer ... the mere possibility of misconduct." *Id.* Thus, "conclusory statements are 'not entitled to the assumption of truth.'" *Williams-Boldware v. Denton Cty., Tex.*, 741 F.3d 635, 644 (5th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679).

## ANALYSIS

Mr. Fragoso's claims for violations of the United States Constitution and Texas law fail because Judge Pelletier has judicial immunity. Thus, Judge Pelletier's Motion should be granted, and Mr. Fragoso's claims should be dismissed. Furthermore, Mr. Fragoso's failure to comply with the Rule 26 Order is another basis for dismissal.

1. **Mr. Fragoso's Claim for Constitutional Violations Should be Dismissed Because Judge Pelletier is Immune from the Suit.**

Mr. Fragoso claims that Judge Pelletier "acted under color of law, statute, ordinance, regulation, or custom, and willfully subjected the Plaintiff to the deprivation of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." Notice of Removal 9, ECF No. 1. Specifically, Judge Pelletier "violated Art. I Sect. 10 of the [United States] Constitution when she issued a Bill of Attainder finding the Plaintiff to be guilty of a crime and interfered with his 2nd amendment rights," and violated Mr. Fragoso's constitutional right to have a "next friend" assist him in presenting his case. *Id.*

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Judges, including state-court judges, are immune from claims under 42 U.S.C. § 1983 arising from actions taken in the judge's judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 12 (1991); *Morrison v. Walker*, 704 F. App'x 369, 372 (5th Cir. 2017). A judge's "judicial capacity" has been interpreted broadly so that judicial immunity will be denied only when the judge "has acted in the clear absence of all jurisdiction." *Moffett v. Bryant*, No. 08-CV-1337, 2009 WL 2448146, at *2 (W.D. La. Aug. 6, 2009) (quoting *Brandley v. Keeshan*, 64 F.3d 196, 200 (5th Cir. 2000)) (internal quotations omitted). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11 (citing *Mitchell v. Forsyth*, 472 U.S.

511, 526 (1985)). A claim against a judge under 42 U.S.C. § 1983 may be dismissed under Rule 12(b)(6) for failing to state a claim if judicial immunity applies. *See Morrison*, 704 F. App'x at 375.

As a *pro se* litigant, Mr. Fragoso's "pleadings are to be construed liberally." *Sama v. Hannigan*, 669 F.3d 585, 599 (5th Cir. 2012) (citing *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002)). In this case, Mr. Fragoso claims that Judge Pelletier violated Mr. Fragoso's constitutional rights while acting under color of law in her official capacity as the Associate Judge of the 383rd District Court of El Paso County, Texas. Notice of Removal 9, ECF No. 1. Construed liberally, this is a claim under 42 U.S.C. § 1983. Because Mr. Fragoso's suit arises from actions taken by Judge Pelletier in her capacity as a judge, Judge Pelletier is immune from the suit. *Id.* Thus, Mr. Fragoso fails to state a claim upon which relief can be granted, and his claim for constitutional violations by Judge Pelletier should be dismissed under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6); *Morrison*, 704 F. App'x at 375.

### 2. Mr. Fragoso's Claim for Texas Law Violations Should be Dismissed Because Judge Pelletier is Immune from the Suit.

Mr. Fragoso alleges that during the initial case Judge Pelletier committed three Texas law violations: (1) aggravated perjury in violation of Texas Penal Code § 37.03; (2) abuse of official capacity in violation of Texas Penal Code § 39.02; and (3) impersonating a public servant in violation of Texas Penal Code § 37.11. Notice of Removal 9–11, ECF No. 1; Mot. ¶¶ 12–17, ECF No. 4. Specifically, Mr. Fragoso alleges that Judge Pelletier "willfully committed aggravated perjury under [Texas Penal Code §] 37.03 . . . when [Judge Pelletier] failed to '. . . preserve, protect, and defend the Constitution and laws of the United States and of this State.'" Notice of Removal 9, ECF No. 1. Further, Mr. Fragoso alleges that Judge Pelletier "is guilty of

criminal oppressive behavior under [Texas Penal Code §] 39.02 . . . when the Defendant committed an offense with intent to harm and defraud the Plaintiff." *Id.* Finally, Mr. Fragoso alleges that Judge Pelletier "violat[ed] Texas Penal Code § 37.11 . . . after [Judge Pelletier] perjured [her] oath and continued to make decisions as if [she] were a qualified public servant but one who does not follow the rules and Laws of the United States." *Id.* at 11.

Although Mr. Fragoso cites to *criminal* offenses defined in the Texas Penal Code, as a *pro se* litigant, Mr. Fragoso's "pleadings are to be construed liberally." *Sama*, 669 F.3d at 599 (citing *Perez*, 312 F.3d at 194–95). This Court will liberally construe Mr. Fragoso's claims for the three Texas law violations as claims for torts, not allegations of crimes.[1] This is because the purpose of the Texas Penal Code is to establish a system of criminal justice for the public interest, not to provide private citizens relief for tortious acts. *See generally*, Tex. Pen. Code § 1.02. Further, the relief requested by Mr. Fragoso—civil monetary damages and a discharge of Judge Pelletier from her office—are not afforded by the Texas Penal Code, which establishes a system of prohibitions, penalties, and correctional measures for criminal defendants who are convicted by state prosecution through the criminal justice system. *Id.*; Notice of Removal 11, ECF No. 1.

The Texas Tort Claims Act modifies the common law doctrine of governmental immunity in Texas. Barry Abrams, *The Scope of Liability Under Section 3 of the Texas Tort Claims Act*, 55 Tex. L. Rev. 719 (1977). However, the Texas Tort Claims Act does not apply to, and thus does not waive immunity for, the acts or omissions of state-court judges performed in

---

[1] The criminal offenses Fragoso cites may not correspond to torts recognized by Texas law. In fact, "perjury" is not a recognized civil cause of action in Texas, at least against a person who commits perjury in testimony. *See Kale v. Palmer*, 791 S.W.2d 628, 632 (Tex. App.—Beaumont 1990, writ denied); *Trevino v. Ortega*, 969 S.W.2d 950, 953 (Tex. 1998). However, even if the torts are recognized by Texas law, Fragoso cannot state a claim upon which relief can be granted. *See infra* 6–7. As such, this Court will not undertake analysis to determine if Fragoso makes valid claims for torts that are recognized by Texas law.

their official or judicial capacity. Tex. Civ. Prac. & Rem. Code § 101.053; *Spease v. Olivares*, 509 S.W.3d 512, 520 (Tex. App.—El Paso 2016, no pet.). Thus, common law judicial immunity still bars suits arising from actions of state-court judges in their judicial capacity. Tex. Civ. Prac. & Rem. Code § 101.053. A judge's "judicial capacity" has been interpreted broadly so that judicial immunity will be denied only when the judge "has acted in the clear absence of all jurisdiction." *Moffett*, No. 08-CV-1337, 2009 WL 2448146, at *2 (quoting *Brandley*, 64 F.3d at 200) (internal quotations omitted).

In this case, there is no indication that Judge Pelletier acted in the clear absence of all of her jurisdiction. *See* Notice of Removal 9, 11, ECF No. 1. Thus, Judge Pelletier has judicial immunity for the actions through which Mr. Fragoso alleges Judge Pelletier violated Texas tort law. Therefore, Mr. Fragoso fails to state a claim upon which relief can be granted, and his claims for Texas law violations by Judge Pelletier should be dismissed under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6).

### 3. Mr. Fragoso's Failure to Comply with the Rule 26 Order is Another Basis for Dismissal.

On December 19, 2019, this Court entered the Rule 26 Order ordering Mr. Fragoso and Judge Pelletier to comply with Federal Rule of Civil Procedure 26 and Local Court Rule CV-16. Rule 26 Order 2, ECF No. 2. Under Local Court Rule CV-16 and Federal Rule 26(f), parties must file a joint proposed discovery plan no later than thirty-five days after a defendant first appears. Fed. R. Civ. P. 26(f); W.D. Tex. Civ. R. 16. The Rule 26 Order states, "This Court will not tolerate delays from the Parties in submitting the proposed discovery plan and proposed scheduling order in this case. The Court will issue sanctions, including dismissal if necessary, should those documents not be timely filed." Rule 26 Order 2, ECF No. 2.

On January 17, 2020, Judge Pelletier filed the Report. ECF No. 6. Therein, Judge Pelletier describes how Mr. Fragoso did not respond for over three weeks to Judge Pelletier's requests to meet pursuant to the Rule 26 Order. Report 1, ECF No. 6 (citing Emails to Mr. Fragoso, ECF No. 6-1). On January 15, 2020, two days before the joint proposed discovery plan was due, Mr. Fragoso contacted Judge Pelletier's counsel requesting an additional two weeks to file the discovery plan. *Id.* Judge Pelletier rejected the request, and as of the signing of this Memorandum Opinion and Order (which is past the deadline imposed by the Rule 26 Order), Mr. Fragoso has not conferred with Judge Pelletier in order to file the joint proposed discovery plan. *Id.*

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action because of a plaintiff's failure to comply with an order of the Court. Fed. R. Civ. P. 41(b). The Report details Mr. Fragoso's non-compliance with the Rule 26 Order. Accordingly, the Court is of the opinion that Mr. Fragoso's failure to comply with the Rule 26 Order is another basis for dismissal.

## CONCLUSION

Mr. Fragoso's claims for violations of the United States Constitution and Texas law fail because Judge Pelletier has judicial immunity. Therefore, the Court will grant Judge Pelletier's Motion. Because Mr. Fragoso's claims fail as a matter of law, the defects are incurable, and he will not be given an opportunity to replead his claims.[2] Furthermore, Mr. Fragoso's failure to comply with the Rule 26 Order is another basis for dismissal.

---

[2] *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable.").

Accordingly, **IT IS HEREBY ORDERED** that Defendant Karen Pelletier's "Motion to Dismiss Under Rule 12(b)(6)" is **GRANTED**.

**IT IS FINALLY ORDERED** that all of Plaintiff Chancellor Fragoso's claims against Defendant Karen Pelletier are **DISMISSED WITH PREJUDICE**.

**SIGNED** this **22nd** day of **January 2020**.

_____
**THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE**